

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00290-CV
_____

CHRISTOPHER L. SANDOVAL, APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY; J. C. VILLANUEVA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; AND MICHELLE FARRIS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY, APPELLEES

On Appeal from the 419th District Court
Travis County, Texas
Trial Court No. D-1-GN-18-005881, Honorable Dustin M. Howell, Presiding

September 23, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Christopher L. Sandoval, a military reservist and ex-employee of the Texas Department of Public Safety (DPS), sued the DPS, J.C. Villanueva, and Michelle Farris.[1] He complained of their decision to terminate his employment with the state agency by refusing to reinstate him on the payroll after his return from a military deployment. The Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301

---

[1] Both individuals were sued in their official and individual capacities.

*et. seq.* (the Act), provided the legal foundation for his suit. The DPS and its two "supervisors" named as defendants filed a plea to the trial court's jurisdiction. Sovereign immunity barred his claim despite its federal basis, they contended. So too did they aver that "neither Villanueva nor Farris were [his] 'employer' within the meaning of [the Act]." Thus, dismissal of the suit was warranted. The trial court agreed, granted the motion, and dismissed the legal action. Sandoval appealed.

Since Sandoval perfected the appeal, the United States Supreme Court issued its opinion in *Torres v. Tex. Dep't of Pub. Safety*, ___ U.S. ___, 142 S. Ct. 2455, 213 L. Ed. 2d 808 (2022). The court held that: (1) "[t]he Constitution vests in Congress the power '[t]o raise and support Armies' and '[t]o provide and maintain a Navy'"; (2) per "that authority, Congress enacted a federal law that gives returning veterans the right to reclaim their prior jobs with state employers and authorizes suit if those employers refuse to accommodate them"; and (3) States "cannot" "invoke sovereign immunity as a legal defense to block such suits." *Torres*, 142 S. Ct. at 2460. No one at bar questions the dispositive nature of *Torres* with regard to the DPS's invocation of sovereign immunity; the latter fails. However, dispute remains about whether the action may proceed against Villanueva and Farris.

Generally speaking, the Act prohibits "an employer" from denying "employment, reemployment, retention in employment, promotion, or any benefit of employment" to someone who is a member of a uniformed service or performed such service. 38 U.S.C. § 4311. According to Villanueva and Farris, neither of them fall within the statutory definition of an "employer." They are wrong, given the allegations within Sandoval's live pleading. He described them as "supervisors" within the DPS who prohibited him from

returning to work at the end of his deployment to Iraq. They did so by requiring of him documentation about his deployment, which documentation he allegedly had no obligation to provide.

Congress defined "employer" as "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." *Id.* § 4303(4)(A). Accepting as true the allegations within Sandoval's live pleading, *see Black v. Edd,* No. 07-21-00168-CV, 2022 Tex. App. LEXIS 3666, at *4 (Tex. App.—Amarillo May 31, 2022, no pet.) (mem. op.) (requiring the court to accept as true the allegations in the complaint when deciding a plea to the jurisdiction), they describe Villanueva and Farris as persons having "control over employment opportunities."

To reiterate, the two purportedly were DPS "supervisors" who precluded him from returning to the DPS payroll. One can reasonably consider the return to work and the DPS payroll as "employment opportunities." So too can one reasonably interpret a supervisor's ability to bar another's return to work and the payroll as having control over those opportunities. *See Rimbey v. Mucky Duck, Inc.*, No. 2:17-cv-103-FtM-99-MRM, 2017 U.S. Dist. LEXIS 100717, at *8 (M.D. Fl. 2017) (holding that the supervisor was an employer since he made the actual decision to reduce the plaintiff's salary in the amount of his military benefits). Consequently, Sandoval's allegations sufficed to place Villanueva and Farris within the Act's definition of an "employer." Because they were and with the advent of *Torres*, we reverse the order dismissing Sandoval's suit and remand the cause to the trial court for further proceedings.

Brian Quinn
Chief Justice

3